IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUDY BUSTOS,

        Plaintiff,

vs.                                    No. CV 16-01125 WJ/KK

2ND JUDICIAL DISTRICT COURT &
DISTRICT ATTORNEY OF BERNALILLO
COUNTY OF NEW MEXICO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. §1915A and Fed. R. Civ. P. 12(b)(6) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Rudy Bustos on October 12, 2016 (Doc. 1) ("Complaint"). The Court will dismiss the Complaint, with prejudice, based on immunity, failure to state a claim, and the *Heck* doctrine.

### I. Factual and Procedural Background

Plaintiff Rudy Bustos is a prisoner incarcerated at the Western New Mexico Correctional Facility. Bustos was indicted by a New Mexico Grand Jury on two counts of voluntary manslaughter and one count of second degree murder. He pled no contest to the charges. In 2005, he was sentenced to 15 years of incarceration with a one-year enhancement and two years of parole, and was granted 410 days of presentence credit. The Court also imposed restitution in the amount of $12,500. (Doc. 1 at 2-3). *See, also, State of New Mexico v. Bustos,* Nos. D-202-CR-2004-04512 and D-202-CR-2005-00260.

Bustos filed his Complaint under 42 U.S.C. § 1983 in this Court on October 12, 2016.[1] (Doc. 1). His Complaint names the 2nd Judicial District Court and the District Attorney of Bernalillo County of New Mexico as Defendants. (Doc. 1 at 1-2). Bustos contends that, by imposing two years of parole on top of the maximum statutory sentence of 15 years, the State District Court and the District Attorney violated the prohibition against double jeopardy under both the United States and the New Mexico Constitutions. (Doc. 1 at 2-3). He seeks "to be compensated for mental strain and anguish, cruel and unusual punishment and constitutional rights," to have his sentence re-calculated, and to be relieved of the restitution obligation. (Doc. 1 at 3-4).

## II. The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Bustos is proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

---

[1] The Court notes that Plaintiff Bustos did not pay the Court's filing fee or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, in addition to the grounds set out in this Memorandum Opinion, his Complaint is subject to dismissal under Fed. R. Civ. P. 41(b).

*Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. Id.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### III. Plaintiff's Complaint Fails to State a Claim for Relief

**A. Plaintiff's Claims are Barred by Judicial and Prosecutorial Immunity:**

Civil rights and state law claims against judicial officers acting as judges are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well

3

as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).

Bustos names the 2nd Judicial District Court, rather than the sentencing judge, as a Defendant. (Doc. 1 at 1). However, his claims are clearly against the Court acting in its judicial capacity. (Doc. 1 at 1-2). The claims against the Court for performance of judicial functions are barred by absolute judicial immunity. *Van Sickle,* 791 F.2d at 1434–35.

Similarly, Bustos does not allege any specific conduct on the part of the District Attorney of Bernalillo County. However, because he alleges violation of his constitutional rights by an illegal sentence, any claims against the District Attorney would be for activities intimately associated with the judicial phase of the criminal process. *Imbler,* 424 U.S. at 430. All claims against the District Attorney are barred by prosecutorial immunity.

**B. The Complaint Fails to State a Section 1983 Claim:**

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

The Complaint also does not identify any individual official and does not allege personal involvement by any identified official in the alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Plaintiff Bustos may not proceed in the absence

5

of allegations of individual action by named officials resulting in a constitutional violation. His Complaint fails to state a § 1983 claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, (2009).

Further, the 2nd Judicial District Court is a New Mexico state entity. *See* N.M.Stat.Ann. 1978, § 34-6-1 (1941). As such, the claims against it are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Plaintiff's claims against the 2nd Judicial District Court fail to state any claim for relief and will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

**C. All Claims are Barred by *Heck v. Humphry*:**

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

All of the claims alleged in Bustos' Complaint are attacks on the validity of his criminal sentence. (Doc. 1 at 1-4). Plaintiff's request for relief specifically asks the Court to "recalculate" his criminal sentence and to set aside the restitution obligation imposed as part of his sentence. (Doc. 1 at 5). His request for relief clearly necessitates the invalidation of his sentence.

*Wilkinson v. Dotson,* 544 U.S. at 80-81. Because a favorable ruling on Bustos' claims would require treating his sentence in D-202-CR 2004-04512 and D-202-CR-2005-00260 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999).

Regardless of whether they are claims for monetary, declaratory, or injunctive relief, and regardless of whether they are against the Judge, the prosecutor, the District Court, or police officers, all claims against all Defendants are barred by *Heck*. *Wilkinson v. Dotson,* 544 U.S. at 80-81. The Complaint will be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Beck,* 195 F.3d at 556–57.

### IV. The Court Will Not Grant Leave to Amend

The Court will dismiss the Plaintiff's Complaint without leave to amend. The Court determines that amendment of the Complaint would be futile. Any amendment to Bustos' claims would still be barred by immunity or under the *Heck* doctrine. Further, although the Court has not addressed the issue, it also appears that any § 1983 claims by Bustos arising out of his 2005 conviction are likely barred by the statute of limitations. *See Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). Therefore, any amended claims would be subject to immediate dismissal. *Bradley v. Val-Mejias,* 379 F.3d at 901. Amendment would be futile and the Court will dismiss without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

**IT IS ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Rudy Bustos on October 12, 2016 (Doc. 1) is **DISMISSED** with prejudice under Fed. R. Civ. P. 12(b)(6).

_____
UNITED STATES DISTRICT JUDGE